WIGGINTON, Judge.
Appellant appeals an order granting summary judgment in appellant’s personal injury suit in favor of appellee, Escambia County. We reverse.
In his amended complaint, appellant alleged that he suffered severe and substantial injuries when he stepped into a void in a road left by a displaced manhole cover. He alleged that the County exercised exclusive control over the maintenance, drainage and repair of the road in which the offending manhole existed and that the County was negligent in failing to accommodate the manhole with an appropriate lid. He further alleged that the County was on notice that the manhole into which he fell was in need of substantial repairs. Affidavits and depositions in the record support many of his allegations.
Finding that there was no evidence to show that the County had knowledge that the manhole cover was not in place or that it was missing for a long enough period of time for the County to have known of its displacement, the trial judge entered summary judgment for the County. He further concluded:
It would require a leap into the realm of sheer speculation to hold from the evidence presented that the manhole cover which had been installed by defendant in 1981 was in fact oversized, thereby creating an unsafe condition known to defendant which resulted in the cover being missing on the date of plaintiff’s injury. Sufficient issues of fact remain as to
whether the manhole in question, or its cover, was defective thereby causing the alleged injury and whether the County had sufficient notice of the alleged defect. The question of whether the manhole cover was missing for a long enough period of time for the County to have known of its displacement is not determinative of all of the issues raised by the complaint. Further, appellant has alleged facts which, if proven, could support the conclusions that the manhole cover installed by the County created an unsafe condition known to the County which resulted in the manhole being left uncovered on the date of appellant’s injury and that due to negligence the County may be exposed to liability to appellant.
Thus, considering the disputed issues of fact which exist in this case, summary judgment was improper.
REVERSED.
MILLS and ERVIN, JJ., concur.